## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Motley Rice, LLC, a South Carolina Limited Liability Company; John Doe, a Natural Person; Jane Doe, a Natural Person, | ) ) ) ) | |
| | ) | Civil Action No.: |
| Plaintiffs, | ) ) | |
| vs. | ) ) | COMPLAINT |
| SmithKline Beecham Corporation d/b/a GlaxoSmithKline One Franklin Plaza Philadelphia, PA 19102-1225, | ) ) ) ) ) | |
| Defendant | ) ) | |

Come now Plaintiffs, Motley Rice, LLC; John Doe; and Jane Doe, who state the following:

### PARTIES & JURISDICTION

1.    Motley Rice, LLC is a South Carolina limited liability company with its principal place of business in South Carolina.

2.    John Doe is a pseudonym for a natural person who is a client of Motley Rice, LLC, who is participating in a master settlement agreement with Defendant GlaxoSmithKline. John Doe is a citizen of a state other than Pennsylvania.

3.    Jane Doe is a pseudonym for a natural person who is a client of Motley Rice, LLC, who is participating in a master settlement agreement with Defendant GlaxoSmithKline. Jane Doe is a citizen of a state other than Pennsylvania.

4.    GlaxoSmithKline is a corporate entity with its principal place of business in

Philadelphia, Pennsylvania.

5.      The equitable and declaratory relief sought exceeds $150,000.00 per party.

6.      Jurisdiction is proper before this court on diversity grounds under 28 U.S.C. § 1332.  In addition, federal question jurisdiction exists for this action under 28 U.S.C. § 1331.  This action arises under MDL 1871 *In Re: Avandia Marketing, Sales Practices and Products Liability Litigation*, and this Honorable Court is charged by statute with the efficient administration of matters relating to the MDL parties and issues, including issues regarding interpretation and management of settlements.  The issue arising hereunder is within the supplemental jurisdiction of this court as well under 28 U.S.C. § 1367.

## REQUESTS FOR RELIEF

### INJUNCTIVE RELIEF

7.      On December 10, 2010, Motley Rice and GlaxoSmithKline, by and through their authorized agents, entered into a Master Settlement Agreement, which set out a complete and integrated settlement of the personal injury claims of many individuals.

8.      A central and integral provision of the agreement negotiated between the parties allowed for extensive and complete elements of confidentiality, which were designed to protect the interest of both parties.

9.      Such provisions were material, central, and integral to the resolution of the claims at issue.

10.     Under the terms of the Master Settlement Agreement, the entire agreement is confidential and therefore is under seal.

11.     The Master Settlement Agreement contained provisions that on information and belief were substantially similar to many other settlement agreements entered by Defendant and

2

other parties, resolving many cases in pending MDL 1871. Plaintiffs are informed and believe

that the settlements, individually and in sum, are the means by which MDL 1871 is achieving

resolution of the claims of Avandia claimants, and that this Honorable Court has a direct interest

in the efficient and just resolution of the many thousands of claims that have been placed before

it.

12. On information and belief, Defendant GlaxoSmithKline has been served with pre-

suit discovery in a proceeding entitled *UnitedHealth Group, Inc., Individually and on Behalf of*

*Similarly Situated Health Plans v. GlaxoSmithKline, LLC and GlaxoSmithKline Holdings*

*(Americas) Inc.,* filed in the Philadelphia Court of Common Pleas, December Term 2010, Case

No. 2871, which is designed to require GlaxoSmithKline to divulge the names, social security

numbers, and other essentially private identifying information of *all* individuals who filed

lawsuits against GlaxoSmithKline and/or entered into tolling or settlement agreements with

GlaxoSmithKline for claims asserting Avandia-related injuries.

13. On information and belief, most, if not all, of the persons whose identities and

personal information is sought have no contract, and no relationship whatsoever, with the parties

seeking such information.

14. The disclosure of the identities and personal information of these persons would

cause them immediate and irreparable harm, and would violate the terms of the Master

Settlement Agreement and otherwise induce severe breaches of duties extending between

Plaintiffs and Defendant as undertaken by the Master Settlement Agreement.

15. The disclosure of identities and personal information has the potential to disrupt

and delay the efficient and just resolution of MDL 1871.

16. Plaintiffs bring this Complaint for purposes of seeking injunctive relief from this

Court to enjoin Defendant from releasing or divulging any information relating to the Master

3

Settlement Agreement without further inquiry and opportunity to be heard by this Court.

17.     Plaintiffs are informed and believe that the third parties who seek this information should be brought before this Court so that their motives and relationships may be inquired into by this Court and the parties.

## DECLARATORY RELIEF

18.     Plaintiffs request the Court to declare:  that the confidentiality terms of the Master Settlement Agreement are bargained for, appropriate, balance the privacy interests of Plaintiffs and Defendant with the public interest, and prevent non-governmental, third party payors/providers from requiring wholesale disclosure of client names and other essentially private information by Defendant; that non-governmental third-party payors/providers do not have a right or opportunity to delay the efficient and bargained-for settlement of claims by use of court proceedings or threatened future actions; that in weighing the balance of harm, the differences in state law, the differences in plain language, the fact of non-coverage of many of the settling persons, and the public interest, such a declaration of rights is necessary and reasonable to allow the efficacious execution of the bargained-for settlements between Plaintiffs and Defendant.

*Wherefore*, Plaintiffs, having complained of Defendant herein, request this Court to issue a preliminary and permanent injunction enjoining Defendant from divulging information relating to individual clients to any third party and providing such further relief as is warranted, and further pray that the Court issue a Rule to Show Cause to the third parties who seek to disrupt and destroy the settlements agreed to by the parties;

*And Further*, Plaintiffs request this Court to declare that Defendant should not divulge to non-governmental third party payors/providers the lists of names and other personal information

4

of all individuals who filed lawsuits against and/or entered into tolling or settlement agreements

with Defendant claiming Avandia-related injuries;

    *And for such other relief as is just.*

Dated:  June 10, 2011               By:

                                              Dianne M. Nast
                                              RODANAST, PC
                                              801 Estelle Drive
                                              Lancaster, Pennsylvania  17601
                                              Phone: (717) 892-3000
                                            Fax:    (717) 892-1200